IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : No. 08-3357 |
| | : |
| PHILADELPHIA MEDIA HOLDINGS, LLC; GYRO ADVERTISING, INC.; and STEVEN GRASSE, | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                   **JANUARY 9, 2009**

Presently before the Court is the Motion to Set Aside Entry of Default filed by Defendants Gyro Advertising, Inc. and Steven Grasse (collectively, the "Gyro Defendants"). For the reasons set forth below, the Motion is granted.

**I.     FACTS**

Plaintiff R. Bradley Maule ("Maule") filed a Complaint against the Gyro Defendants on July 17, 2008. Maule filed an Amended Complaint on September 2, 2008. On September 23, 2008, J. Conor Corcoran, counsel for Maule, emailed a copy of the Amended Complaint to Justin Wineburgh, counsel for the Gyro Defendants, at Mr. Wineburgh's request. The email of September 23, 2008 reads in pertinent part: "Dear Justin- As promised, please find attached hereto a true and correct copy of the Amended Complaint. Please let me know if I can expect a waiver of service from your office." (Gyro Mot., Ex. C.) Mr. Wineburgh returned a waiver of service to Mr. Corcoran via email on September 24, 2008, the following day, and additionally

requested that Mr. Corcoran file the waiver with the Court. (Id., Ex. D.) This waiver of service contained the following provision:

> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 90 days from September 23, 2008, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

("90-day provision") (Id.) Mr. Corcoran did not object to the 90-day provision contained in the waiver of service.

On October 8, 2008, Mr. Wineburgh contacted Mr. Corcoran via email to inquire as to whether Mr. Corcoran had filed the waiver of service with the Court. (Id., Ex. G.) An email dated October 10, 2008 indicates that, as the waiver had not yet been filed as of that date, Mr. Wineburgh intended to file the waiver with the Court on October 14, 2008. On October 17, 2008, Melanie Miller, Mr. Wineburgh's co-counsel, filed a second waiver of service with the Court. This second waiver of service also contained a 90-day provision, stating that the Gyro Defendants would have 90 days from September 23, 2008, or until December 23, 2008, to respond to the Amended Complaint.[1] (Id., Ex. H.) Mr. Corcoran received a copy of the filed waiver and voiced no objection to the 90-day provision contained therein. Nonetheless, Mr. Corcoran filed a Request for Entry of Default on December 8, 2008. The Entry of Default was entered by the Clerk on that same date. Counsel for the Gyro Defendants filed a Motion to Set Aside Entry of Default on December 11, 2008.

**II.    STANDARD OF REVIEW**

---

[1] The waiver of service is listed on the Court's docket with a response date of December 16, 2008. This is apparently due to the fact that the Court's electronic case filing system ("ECF") automatically entered a response date 60 days from the date of filing and could not be modified.

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) states, in pertinent part: "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b)(1). The Court has broad discretion in deciding whether to set aside a default judgment. Momah, M.D. v. Albert Einstein Med. Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995). In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. Id. The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987). Thus, motions to set aside default judgments are construed in favor of the movant. Brokerage Concepts, Inc., v. Nelson Med. Group, No. 99-5214, 2000 U.S. Dist. LEXIS 2848, at *1 (E.D. Pa. Mar. 15, 2000).

### III.   DISCUSSION

Rule 55 permits a default to be entered against a party who has "failed to plead or otherwise defend" within the requisite time period. Fed. R. Civ. P. 55(a). In light of the two waivers of service, each stating that counsel for the Gyro Defendants had 90 days from September 23, 2008, or until December 23, 2008, to file an Answer to the Amended Complaint, this Court questions whether a default actually occurred in this case. As such, taking into consideration the fact that all doubts must be construed in favor of the movant, as well as the courts' general disfavor of default judgments, this Court, in its discretion, finds that the entry of default should be

set aside. See Zawadski de Bueno, 822 F.2d at 420; Hill v. Williamsport Police Dept., 69 Fed. Appx. 49, 52 (3d Cir. 2003).

Furthermore, even assuming that the Gyro Defendants had been untimely in responding to Maule's Amended Complaint, they would still be entitled to relief from the entry of default under Third Circuit precedent. The Third Circuit has articulated a four-part test that courts must consider in deciding whether to set aside a default judgment. The Court must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).

A plaintiff is prejudiced when "plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Dizzley v. Friends Rehab. Program, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Here, Maule asserts that he will be prejudiced by the setting aside of the default judgment because: (1) he will have to respond to the Defendants' Motion for Sanctions and Motion to Dismiss, and (2) because there is the potential for the loss of evidence due to the fact that Philadelphia Media Holdings, a co-defendant in this case, has laid-off a number of employees whose testimony Maule considers germane to the case. However, as discussed in Natasha C. v. Visionquest Ltd., "this type of speculative fear of loss of evidence does not suffice to display prejudice." No. 03-1903, 2003 U.S. Dist. LEXIS 14631, at *8 (E.D. Pa. Aug. 26, 2003). The fact that Maule will have to go forward with the merits of the case rather than simply obtaining a default judgment also does not constitute prejudice. Cassell v. Phila. Maint. Co., 198

F.R.D. 67, 69 (E.D. Pa. 2000). Furthermore, as noted above, it is questionable whether the Gyro Defendants were untimely in responding to the allegations of the Amended Complaint. Nonetheless, the Motion to Set Aside the Entry of Default was filed only three days after default was entered against them. As such, even assuming that the Defendants were untimely, Maule has suffered no prejudice by the three-day delay.

Similarly, the remaining factors also weigh in the Defendants' favor. The Gyro Defendants have filed a Motion to Dismiss wherein they assert defenses that, if proven, would dispose of the claims in their favor. See U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) ("The showing of a meritorious defense is accomplished when allegations of defendant's answer, if established at trial, would constitute a complete defense to the action"). Furthermore, with regard to the culpability factor, Mr. Corcoran did not object to the 90-day provision contained in either waiver of service. Therefore, we find that, even assuming that the Defendants had defaulted, at the very least, there was reasonable confusion as to the response date. In light of Rule 60(b)(1), which allows a court to set aside a default judgment for "mistake, inadvertence, surprise or excusable neglect," this factor weighs in favor of setting aside the entry of default. Fed. R. Civ. P. 60(b)(1). Lastly, as there is no evidence of bad faith, sanctions would not be appropriate in this matter. See Royal Ins. Co. of Am. v. Packaging Coordinators, Inc., No. 00-3231, 2000 WL 1586081, at *3 (E.D. Pa. Oct. 24, 2000).

After applying the facts of this case to the factors set out by the Third Circuit, as well as taking into consideration this Circuit's disfavor for default judgments and preference for deciding cases on the merits, the default judgment entered against the Gyro Defendants on December 8, 2008 will be set aside.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE, : <br> : CIVIL ACTION <br> Plaintiff, : <br> : <br> v. : No. 08-3357 <br> : <br> PHILADELPHIA MEDIA : <br> HOLDINGS, LLC; GYRO : <br> ADVERTISING, INC.; and : <br> STEVEN GRASSE, : <br> : <br> Defendants. : | |

## ORDER

         **AND NOW**, this   9th   day of January, 2009, upon consideration of the Motion to Set

Aside Entry of Default filed by Defendants Gyro Advertising, Inc. and Steven Grasse

(Doc. No. 20), and the response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

                                                                                                            BY THE COURT:


                                                                                                            /s/ Robert F. Kelly
                                                                                                            ROBERT F. KELLY
                                                                                                            SENIOR JUDGE