IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PHILADELPHIA MEDIA<br>HOLDINGS, LLC; GYRO<br>ADVERTISING, INC.; and<br>STEVEN GRASSE,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 08-3357 |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**　　　　　　　　　　　　　　　　　　　　　　**JANUARY 16, 2009**

　　　　Presently before the Court is the Defendants' Motion for Sanctions filed by Gyro Advertising, Inc. and Steven Grasse (collectively, the "Gyro Defendants" or "Defendants"). For the reasons set forth below, the Motion is denied.

**I.　　FACTS**

　　　　Plaintiff R. Bradley Maule ("Maule") is a photographer who focuses his photography on pictures of the Philadelphia area. Gyro Advertising, Inc. ("Gyro") is an advertising agency located in Philadelphia, Pennsylvania. Steven Grasse ("Grasse") is the chief executive officer and sole shareholder of Gyro. On July 17, 2008, Maule filed a Complaint in this Court against Gyro, as well as Grasse, in his individual capacity. Maule filed an Amended Complaint on September 2, 2008. The Complaint asserts claims against the Gyro Defendants for copyright infringement pursuant to 17 U.S.C. §§ 503-505, appropriation pursuant to the Restatement (Second) of Torts § 652C, violation of the Lanham Act, 15 U.S.C. § 1125, and violation of the

Pennsylvania Anti-Dilution Act, 54 Pa. C.S.A. §§ 1124 and 1125.

On September 23, 2008, J. Conor Corcoran, counsel for Maule, emailed a copy of the Amended Complaint to Justin Wineburgh, counsel for the Gyro Defendants, at Mr. Wineburgh's request. Mr. Wineburgh returned a waiver of service to Mr. Corcoran via email on September 24, 2008, setting the time for response for 90 days from September 23, 2008 ("90-day provision"). Mr. Corcoran did not object to the 90-day provision contained in the waiver of service. Because the waiver was never filed with the Court, Melanie Miller, Mr. Wineburgh's co-counsel, filed a second waiver of service with the Court on October 17, 2008. This second waiver of service also contained a 90-day provision, stating that the Gyro Defendants would have 90 days from September 23, 2008, or until December 23, 2008, to respond to the Amended Complaint. Mr. Corcoran received a copy of the filed waiver and voiced no objection to the 90-day provision contained therein. Nonetheless, Mr. Corcoran filed a Request for Entry of Default on December 8, 2008. The Entry of Default was entered by the Clerk on that same date. Counsel for the Gyro Defendants filed a Motion to Set Aside Entry of Default on December 11, 2008, as well as a Motion for Sanctions and a Motion to Dismiss. By Order of January 9, 2009, this Court granted the Gyro Defendants' request to set aside the entry of default.

In their Motion for Sanctions, the Gyro Defendants assert that sanctions should be imposed against Mr. Corcoran and Maule, himself, pursuant to Rule 11 of the Federal Rules and 28 U.S.C. § 1927. In support of their Motion, the Gyro Defendants urge that Corcoran and Maule should be sanctioned for: (1) the filing of the Request for Entry of Default after failing to object to two waivers of service setting the time for response for 90 days from September 23, 2008; (2) attempting to hold Grasse liable in his individual capacity, despite the fact that Gyro

Advertising has been incorporated since 1989 and employs over 50 employees; (3) attempting to hold Gyro liable for copyright infringement under the work for hire doctrine, despite their knowledge that the photograph was created by George Angelini, an independent contractor; and (4) seeking statutory damages for alleged acts of infringement which took place before copyright registration. The Gyro Defendants additionally assert that this conduct amounts to "bad faith" as required by 28 U.S.C. § 1927. We address these contentions below.

## II.   DISCUSSION

The Gyro Defendants move for sanctions pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927. Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1)-(3). Courts must apply an objective standard of "reasonableness under the circumstances." In re Cendant Corp. Derivative Action Litig., 96 F. Supp. 2d 403, 405 (May 12, 2000) (quoting Ford Motor Co. v. Summit Motor Prods. Inc., 930 F.2d 277, 289 (3d Cir. 1991)). Therefore, courts "must determine whether a competent attorney who conducted a reasonable investigation into the facts and law pertinent to the case would have determined that

the allegations . . . were well grounded in law and fact." Watson v. City of Salem, 934 F. Supp. 643, 663 (D.N.J. 1995); see also In re: Orthopedic Bone Screw Prod. Liab. Litig., 193 F.3d 781, 796 (3d Cir. 1999).  No finding of subjective bad faith is needed for sanctions under Rule 11; however, subjective good faith is not a defense.  See Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987).  Furthermore, sanctions are appropriate "only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Ford Motor Co., 930 F.2d at 289-90.

Initially, we note that Maule has agreed to withdraw his claim for statutory damages with regard to the photograph allegedly used by the Gyro Defendants.  (Pl.'s Ans. Defs.' Mot. for Sanctions 7.)  As this claim has been withdrawn, there is no need to discuss it further, as it will not serve as a basis for imposing sanctions.

Next, the Defendants argue that Maule and Corcoran should be sanctioned for suing Grasse in his individual capacity on the basis that Grasse is the "alter ego" of Gyro, when Maule and Corcoran were aware that Gyro had over 50 employees and had been incorporated since 1989. In response, Maule and Corcoran contend that Grasse is the sole shareholder of the corporation and exhibits control over the corporation "to such an extent that (the corporation) became nothing more than a sham to disguise the alter ego's use." (Pl.'s Ans. Defs.' Mot. for Sanctions 6 (citing Kaplan v. First Options, 19 F.3d 1503, 1521 (3d Cir. 1983).)  Therefore, they assert that, despite Gyro's incorporation and/or its number of employees, Grasse is personally liable because he knowingly caused the corporation to infringe upon Maule's rights.  As Maule and Corcoran have presented a reasonable basis in law for this assertion, we do not find Maule's attempt to hold Grasse liable in his individual capacity so patently frivolous as to warrant the imposition of Rule

4

11 sanctions.

The Gyro Defendants' allegations concerning Mr. Angelini similarly do not warrant the imposition of sanctions. While the Defendants assert that Maule and Corcoran were aware that Angelini was hired as an independent contractor, Maule and Corcoran assert that Angelini failed to recall including the picture of the Philadelphia skyline in his advertisement. (Pl.'s Ans. Defs.' Mot. for Sanctions 5.) Maule's copyright infringement claims center upon the unauthorized use of Maule's artistic rendering of the Philadelphia skyline. In light of the fact that Mr. Angelini has not confirmed that he, in fact, included the photograph of the skyline in his advertisement, we do not find that the decision to pursue a copyright infringement claim against Gyro constitutes conduct warranting sanctions.

Finally, the Gyro Defendants' contentions with regard to the Motion for Entry of Default also do not establish the need for Rule 11 sanctions. While this Court acknowledged in its Memorandum of January 9, 2009 that it was questionable whether the Defendants defaulted in the first place, we also found that, given the nature in which the waivers of service were filed, there was reasonable confusion as to date responses were due. See Maule v. Phila. Media Holdings, LLC, No. 08-3357, 2009 WL 57022, at *3 (E.D. Pa. Jan. 9, 2009). As such, sanctions are not appropriate for the filing of the Motion for Entry of Default.

The Gyro Defendants also request that this Court impose sanctions pursuant to 28 U.S.C. § 1927. The statute reads:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  In order to impose sanctions under § 1927, a Court must make a finding of subjective bad faith on the part of the party being sanctioned.  <u>In re: Orthopedic Bone Screw Prod. Liab. Litig.</u>, 193 F.3d at 795.  A court must find: (1) a multiplication of proceedings by an attorney; (2) by conduct that can be characterized as unreasonable and vexatious; with (3) a resulting increase in the cost of proceedings; and (4) bad faith or intentional misconduct.  <u>In re Cendant Corp.</u>, 96 F. Supp. 2d at 408.

     We decline to impose sanctions under § 1927.  First, we cannot say that the conduct of either Maule or Corcoran can be characterized as unreasonable or vexatious.  As noted above, they have advanced reasonable underlying explanations for each of the challenged actions.  While their positions may not ultimately prevail, we cannot say that their actions have been completely unreasonable or vexatious.  For this same reason, we find no evidence of bad faith or intentional misconduct in this case.  As such, the Motion for Sanctions will be denied with regard to both Maule and Corcoran.

     An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PHILADELPHIA MEDIA<br>HOLDINGS, LLC; GYRO<br>ADVERTISING, INC.; and<br>STEVEN GRASSE,<br><br>　　　　　　　Defendants. | :<br>:<br>: CIVIL ACTION<br>:<br>:<br>: No. 08-3357<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

　　**AND NOW**, this   16th   day of January, 2009, upon consideration of the Motion for Sanctions filed by Defendants Gyro Advertising, Inc. and Steven Grasse (Doc. No. 21), and the response thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　/s/ Robert F. Kelly
　　　　　　　　　　　　　　　　　　　ROBERT F. KELLY
　　　　　　　　　　　　　　　　　　　SENIOR JUDGE