IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| | : |
| v. | : No. 08-3357 |
| | : |
| PHILADELPHIA MEDIA HOLDINGS, LLC; GYRO ADVERTISING, INC.; and STEVEN GRASSE, | : |
| | : |
| Defendants. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                       **JANUARY 30, 2009**

Presently before the Court is the Motion of Defendants Gyro Advertising, Inc. and Steven Grasse (collectively, the "Gyro Defendants") to Dismiss the Amended Complaint of Plaintiff R. Bradley Maule ("Maule"). Additionally, Defendant Philadelphia Media Holdings, LLC ("PMH") has filed a Motion seeking to join in the Gyro Defendants' Motion to Dismiss. The Motion to Join is granted, and this Court treats the Motion to Dismiss as if filed on behalf of all three Defendants. For the reasons set forth below, the Defendants' Motion to Dismiss is granted in part and denied in part.

**I.      FACTS**

Maule is a photographer in Philadelphia, Pennsylvania, who focuses his photography on pictures of the Philadelphia area including, Philadelphia's skyline, "[its] neighborhoods, its people, culture, architecture, and its urban development." (Amend. Compl. ¶ 9.) He also maintains a website titled "phillyskyline.com," where he posts his photographs. Gyro

Advertising, Inc. ("Gyro") is an advertising agency located in Philadelphia. Steven Grasse ("Grasse") is the chief executive officer and sole shareholder of Gyro. PMH is the publisher of The Philadelphia Inquirer and the Philadelphia Daily News, two major newspapers circulating in the Philadelphia area. On September 2, 2008, Maule filed an Amended Complaint against PMH, Gyro, and Grasse, in his individual capacity. The facts set forth in Maule's Complaint allege that, in May 2005, Maule photographed the Philadelphia skyline from the eighteenth floor of the Penn Tower, a hotel located in West Philadelphia. Maule alleges that he then altered the photograph in two ways. First, he inserted artistic conceptual renderings of the Comcast Center and Mandeville Place, buildings that had not yet been completed and which were still under construction in May 2005. Second, in order that the photograph would contain a watermark, he modified a billboard in the picture to read: "Visit Philly Skyline Dot Com." (Amend. Compl. ¶ 12(b)). Thereafter, Maule posted the photograph, complete with the alterations to the billboard, the Comcast Center, and Mandeville Place, on his website as a visual representation of how the Philadelphia skyline would appear in 2008 ("Projected Skyline Photograph").

Maule further alleges that, sometime in November 2007, PMH began an advertising campaign titled "The Return of the Flying Pigs." As part of this campaign, Maule alleges that PMH distributed a series of glossy inserts in its newspapers, depicting a pig flying across the Philadelphia skyline ("pig glossy"). Maule asserts that PMH cropped the picture of the Philadelphia skyline in the pig glossy from the Projected Skyline Photograph on his website, removed the "Visit Philly Skyline Dot Com" text from the billboard in the picture, and then printed the picture in its advertisements. Maule subsequently registered the Projected Skyline Photograph with the United States Copyright Office on May 13, 2008.

Maule's Complaint also alleges claims against PMH in relation to a second photograph that Maule had posted on his website on March 13, 2008 to accompany an article he had written concerning the pending construction of the American Commerce Center. This photograph had been taken from the west side of City Hall and had never before been published. It is a depiction of the Philadelphia skyline, but with the addition of a sketch that Maule had added outlining where the American Commerce Center would be located and what it would look like upon completion ("American Commerce Photograph"). This photograph also contained a "PhillySkyline.Com" watermark. Maule asserts that, on March 17, 2008, four days after Maule posted the American Commerce Photograph on his website, PMH printed the same photograph on the front page of that day's edition of the Daily News, with the "PhillySkyline.Com" watermark removed from the photograph.

On October 6, 2008, PMH filed a Motion to Dismiss Counts IV through X of Maule's Complaint. Count IV sets forth a claim for appropriation pursuant to the Restatement (Second) of Torts § 652C for use of the Projected Skyline Photograph in the pig glossy. Count V asserts a claim for copyright infringement pursuant to 17 U.S.C. §§ 503-505 for use of the Projected Skyline Photograph in the pig glossy. Count VI is a request for injunctive relief pursuant to 17 U.S.C. § 502. Count VII is a request for declaratory relief pursuant to 28 U.S.C. § 2201, requesting that this Court invalidate PMH's copyright on the March 17, 2008 edition of the Daily News. Count VIII sets forth a claim for appropriation under the Restatement (Second) of Torts § 652C, relating to the use of the American Commerce Photograph in the March 17, 2008 edition of the Daily News. Count IX asserts a claim under the Lanham Act, 15 U.S.C. § 1125, for the use of both photographs. Finally, Count X asserts claims under the Pennsylvania Anti-Dilution

3

Act, 54 Pa.C.S.A. §§ 1124 and 1125. On December 17, 2008, this Court entered an Order dismissing Counts IV, VIII, IX, and X as to PMH. Counts V, VI, and VII survived the Motion to Dismiss.

On December 11, 2008, the Gyro Defendants filed their Motion to Dismiss, requesting that this Court dismiss Counts I-IV and IX-X of the Amended Complaint as to Gyro and Grasse. PMH has joined in the Gyro Defendants' Motion to Dismiss. Count I asserts a claim against all Defendants for copyright infringement, relating to the use of the Projected Skyline Photograph in the pig glossy. Count II is a request for injunctive relief pursuant to 17 U.S.C. § 502. Count III seeks declaratory relief against all Defendants and requests that Defendants' copyright in the pig glossy be invalidated. Count IV asserts a claim for appropriation under the Restatement (Second) of Torts § 652C for the Defendants' use of the Projected Skyline Photograph in the pig glossy. Count IX asserts a claim under the Lanham Act, 15 U.S.C. § 1125 for the use of both photographs. Count X asserts claims against all Defendants for violation of the Pennsylvania Anti-Dilution Act, 54 Pa.C.S.A. §§ 1124 and 1125.

## II.   STANDARD OF REVIEW

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his or her claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985).

In considering a motion to dismiss, all allegations in the complaint must be accepted as

true and viewed in the light most favorable to the non-moving party. Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted). Exhibits which are attached to the complaint and upon which one or more claims are based can be considered in deciding a motion to dismiss pursuant to Rule 12(b)(6). See Rossman v. Fleet Bank (R.I.) Nat'l Assoc., 280 F.3d 384, 388 n.4 (3d Cir. 2002). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) (citations omitted).

### III. DISCUSSION

Per this Court's Order of December 17, 2008, dismissing Counts IV, IX, and X against PMH, Maule does not contest the dismissal of these claims with respect to the Gyro Defendants. As such, his claims for misappropriation, as well as his claims under the Lanham Act and the Pennsylvania Anti-Dilution Act (Counts IV, IX, and X) are hereby dismissed as to all Defendants. We now consider whether Counts I, II, and III survive the Motion to Dismiss.[1]

#### A.   Copyright Infringement

Maule asserts claims against all Defendants for copyright infringement relating to the Defendants' use of the Projected Skyline Photograph in the pig glossy. The exclusive rights of copyright holders are codified at § 106 of the Copyright Act. 17 U.S.C. § 106. Under § 106, the copyright owner has the exclusive right both to publicly display his work and to make copies it.[2]

---

[1] The Motion to Dismiss also seeks dismissal of Maule's claims for statutory damages in Counts I-III. Maule similarly does not contest the dismissal of his claim for statutory damages in Counts I-III, and therefore, those claims are dismissed.

[2] § 106. Exclusive rights in copyrighted works
Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

A person commits copyright infringement by violating one or more of the exclusive rights of the copyright owner as enumerated in § 106. 17 U.S.C. § 501. Infringement occurs when a person reproduces, adapts, distributes, publicly performs, or publicly displays a work protected by the Copyright Act in an unprivileged way. See id.; § 106.

A copyright holder must show two things to establish a case of infringement: (1) he must demonstrate ownership of a valid copyright, and (2) he must show that the defendant has copied, displayed, or distributed protected elements of the copyrighted work. William A. Graham Co. v. Haughey, 430 F. Supp. 2d 458, 465 (E.D. Pa. 2006); see Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1231 (3d Cir. 1986). With regard to the first prong, a plaintiff who produces a valid copyright certificate, which was obtained within five years of the date when the work was first published, creates a prima facie presumption as to the validity of the copyright itself. 17 U.S.C. § 410(c). As Maule has presented a copyright certificate, dated May 13, 2008, the first element has been satisfied.

In order to prove the second element of the offense, copying, a plaintiff must establish

---

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

"(1) that the defendant had access to the work from which to copy and (2) substantial similarity between the two works." Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207-08 (3d Cir. 2005); Wizkids Creations Co. v. Septa Transp., No. 02-3249, 2003 US. Dist. LEXIS 3200, at *10 (E.D. Pa. Feb. 27, 2003). "Access" has been defined as "a reasonable opportunity to view." Id., at 11; Cottrill v. Spears, No. 02-3646, 2003 U.S. Dist. LEXIS 8823, at *16 (E.D. Pa. May 22, 2003). Defendants argue that Maule's claim for copyright infringement fails on its face because the Amended Complaint fails to allege access to the Projected Skyline Photograph on the part of the Defendants. However, Maule alleges that he posted the Projected Skyline Photograph on his website on May 9, 2005, and that it remained there through November 2007, the approximate date of the Defendants' allegedly infringing use of the photograph in the pig glossy. Considering that Maule and all three Defendants operate in media-related areas in the Philadelphia region, that the Amended Complaint alleges additional instances of unauthorized use on the part of PMH, and the fact that the Projected Skyline Photograph had been posted on Maule's website for nearly two years before the alleged infringing use, this Court finds that Maule has sufficiently alleged that the Defendants had a reasonable opportunity to view the Projected Skyline Photograph.

The second element a plaintiff must prove for a claim of copyright infringement is "substantial similarity." See Kay Berry, Inc., 421 F.3d at 207-08. This element is comprised of two specific tests, both of which must be met. See id. at 208. Under the first test, or the "extrinsic" test, the fact-finder must determine if the two works are "sufficiently similar to conclude that the alleged copier . . . copied from another work to make their [sic] own." Wizkids Creations, 2003 U.S. Dist. LEXIS 3200, at *11. Under the second test, or the "intrinsic" test, the

fact-finder must determine "whether a 'lay observer' would find the similarities to be the result of 'unlawful' or 'illicit' copying of another work." Id. at 12.

First, Maule has alleged that the depiction of the Philadelphia skyline in Defendants' pig glossy was taken from the same location as his Projected Skyline Photograph. Second, Maule alleges that the depictions of the Comcast Center and Mandeville Place in the pig glossy are identical to his depictions of these buildings in the Projected Skyline Photograph, despite the fact that these buildings were not built at the time of either publication. Furthermore, Maule alleges that the Defendants removed the "Visit Philly Skyline Dot Com" watermark from the billboard and then cropped the photograph and sized it for their own uses. This Court finds that these allegations are sufficient to establish the element of substantial similarity. If the allegations of the Amended Complaint prove true, a reasonable jury could conclude that the two works are sufficiently similar, such that the skyline in the pig glossy was copied from the Projected Skyline Photograph. A jury could also conclude that these similarities resulted from the unlawful copying of the original work. As such, Maule's claims for copyright infringement withstand the Motion to Dismiss.

  **B.**  **Claims Against Defendant Grasse, Individually**

The Defendants assert that the claims against Grasse in his individual capacity must be dismissed. In support of this contention, the Defendants point to the fact that Gyro has been incorporated since 1989 and employs over fifty individuals. Thus, they assert that Maule has failed to allege a sufficient justification for piercing the corporate veil, and in attempting to hold Grasse personally liable, Maule has ignored Gyro's legitimate corporate structure.

It is well-settled that a shareholder is generally not personally liable for the actions of the

corporation.  Kaplan v. First Options, 19 F.3d 1503, 1520-21. (3d Cir. 1994).  Nevertheless, the corporate veil is appropriately pierced where the corporation is really nothing more than a "sham" or "facade for the operations of the dominant shareholder."  See id. at 1521.  "An officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant."  Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984).  Furthermore, "[o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing activity of another, may be held liable as a 'contributory' infringer."  Id.

      The allegations set forth against Grasse, if proven, would suffice to hold him personally liable on Maule's claims of copyright infringement, and therefore, these claims survive the Motion to Dismiss.  The Amended Complaint alleges that Grasse is the sole shareholder of Gyro, that he uses corporate funds for his own private use, and that he treats the corporation as an "individual proprietorship rather than a corporation."  (Amend. Compl. ¶ 8.)  Additionally, Maule asserts that, despite Gyro's incorporation and/or its number of employees, Grasse exhibits control over the corporation "to such an extent that (the corporation) became nothing more than a sham to disguise the alter ego's use."  (Pl.'s Ans. Mot. Dismiss 7.)  As such, Maule asserts that Grasse, individually, has knowingly participated in the infringing use of his photographs, and uses Gyro's corporate form to mask his personal conduct.  If proven, these allegations would be enough to hold Grasse personally liable on Maule's claim of copyright infringement.  As such, the Motion to Dismiss is denied with respect to this claim.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. BRADLEY MAULE,<br><br>                         Plaintiff,<br><br>      v.<br><br>PHILADELPHIA MEDIA HOLDINGS, LLC; GYRO ADVERTISING, INC.; and STEVEN GRASSE,<br><br>                         Defendants. | CIVIL ACTION<br><br>No. 08-3357 |

## ORDER

**AND NOW**, this   30th   day of January, 2009, upon consideration of the Motion to Dismiss filed by Defendants Gyro Advertising, Inc. and Steven Grasse (Doc. No. 22), as well as the Motion for Joinder in the Motion to Dismiss of Defendants Gyro Advertising, Inc. and Steven Grasse filed by Defendant Philadelphia Media Holdings, LLC (Doc. No. 23), it is hereby **ORDERED** as follows:

(1)    The Motion for Joinder filed by Philadelphia Media Holdings (Doc. No. 23) is **GRANTED**; and

(2)    The Motion to Dismiss filed by Defendants Philadelphia Media Holdings, LLC, Gyro Advertising, Inc., and Steven Grasse (Doc. No. 22) is **GRANTED** as to Counts IV, IX, and X, and **DENIED** as to Counts I, II, and III.

                                                        BY THE COURT:

                                                        /s/ Robert F. Kelly
                                                        ROBERT F. KELLY
                                                         SENIOR JUDGE